Filed 4/7/23  P. v. Phillips CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B318690 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA496239-02) |
| v. | |
| DEMETRICE PHILLIPS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard S. Kemalyan, Judge.  Affirmed.

Charles T. Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Scott A. Taryle and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

A jury convicted Demetrice Phillips of fleeing a police vehicle while driving recklessly and against traffic, in violation of Vehicle Code sections 2800.2 and 2800.4. Phillips testified at trial and admitted to a previous conviction for felony robbery, a fact admitted into evidence for impeachment purposes. After the jury returned a guilty verdict, Phillips waived a second jury trial on his prior conviction and stipulated to its truth.

Phillips appealed. He argues that the trial court, before accepting his admission of the prior conviction, failed to adequately advise him of his rights and of the consequences of his admission. The totality of the circumstances shows that Phillips knowingly waived his rights. Phillips forfeited his claim that the trial court failed to inform him of the consequences of his admission by failing to raise any objection below. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite only those facts applicable to the narrow issues on appeal.

In September 2021, Phillips was charged by information with count 1, Penal Code section 211, robbery; count 2, Vehicle Code section 2800.2, fleeing a police officer while driving recklessly; and count 3, Vehicle Code section 2800.4, fleeing a police officer while driving in the opposite direction of traffic.

The information also alleged that Phillips had been convicted of violating Penal Code section 211 once before, in January 2017. The information stated that this was a "serious and/or violent felony" that would subject Phillips to sentencing under the "Three Strikes" law. It listed the effect of the specific applicable section, Penal Code 1170.12(b), as "x 2" as to each count.

2

Phillips asked that the trial on his current charges and the trial on the strike prior allegation be bifurcated. The trial court granted the request. The trial court told Phillips that after the jury was sent out to deliberate, it would need to know how Phillips "wish[ed] to have the bifurcation handled, whether you want it tried before the jury or the court, or there will be a stipulation."

Phillips was tried by jury in December 2021. Before he testified, the trial court told him that "nobody can compel you to testify in this case. You know that I cannot compel you to testify. [The attorney], representing the people[] cannot compel you nor can your own attorney . . . compel you to take the stand and testify. So what I'm asking you, sir, being knowledgeable as to your rights and being so counseled by Mr. . . . and the court now so advising you, is it your desire to give up your Fifth Amendment right and to testify in the case?" Phillips answered, "yes."

After argument from both parties, the trial court ruled that the People could impeach Phillips at trial with his 2017 conviction for robbery and a sustained juvenile petition.[1] Phillips admitted to his 2017 conviction for robbery on both direct and cross examination.

Once the jury began its deliberations, the trial court asked Phillips how he wanted to proceed on the prior conviction allegation. Phillips's counsel said that he would waive a jury trial, and the court then told Phillips that he had a right to a "formal jury trial on your prior conviction . . . you have the right

---

[1] The juvenile adjudication was not alleged as a strike prior and is not raised as an issue in this appeal.

3

to have this jury determine the validity and correctness of your prior conviction . . . ." Phillips then told the court he wanted to waive a jury trial and counsel joined in the waiver.

When the jury returned its guilty verdicts, the trial court told Phillips that it would set a future hearing for two purposes: "One is the priors trial, which is indicated to be a bench trial, or we will of course allow the defendant to determine if he wants to stipulate to the priors," and "for sentencing, unless, [counsel], there's going to be a stipulation and admission today on that prior." Counsel then replied that there was going to be a stipulation that day.

The trial court then took Phillips's admission by stating, "Mr. Phillips, in this matter, the People have alleged—you previously having waived your right to a jury trial on your prior conviction, the People have alleged in this matter that you were convicted on January 25th, 2017, of a violation of Penal Code section 211 in the Los Angeles Superior Court in case number TA141940. [¶] You have the right to a bench trial, a court trial on that matter, having waived jury trial, but you also are entitled at this time to stipulate such that you are agreeing that that is a true and correct conviction as alleged. Is that what you wish to do in this matter?" Phillips responded, "Yes," and his counsel joined in the stipulation.

The record does not reflect that the trial court advised Phillips of his rights to remain silent or to confront witnesses before Phillips stipulated to his 2017 conviction. It also does not reflect that the trial court told Phillips the specific consequences his admission to this prior conviction would have on his sentence.

At sentencing, the court denied probation, finding Phillips ineligible based on his prior conviction. Then, as to count 2, the

4

court sentenced Phillips to "two years, which is doubled to four years pursuant to the three strikes law" due to the prior conviction. As to count 3, the court again sentenced Phillips to "two years, doubled to four years," before staying the sentence on that count under section 654.

This appeal followed.

## DISCUSSION

On appeal, Phillips argues that the record fails to demonstrate that he understood his right to remain silent before stipulating to his prior robbery conviction or the precise consequences of his admission.[2] The People counter that the record establishes that Phillips voluntarily and intelligently waived his rights before admitting to his prior robbery conviction. The People also argue that Phillips has forfeited his claim that the trial court failed to inform him of the specific consequences of his admission and that, even if he had not waived this claim, he has not established prejudice. We agree with the People and affirm in all respects.

I.     **The Totality of the Circumstances Establishes That Phillips Knowingly and Voluntarily Waived His Rights.**

"[B]efore accepting a criminal defendant's admission of a prior conviction, the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the

---

[2]     Phillips does not develop any specific argument regarding the trial court's failure to inform him of his right to confront witnesses, and simply mentions this fact in the "introduction" to his opening brief.

5

right to confront adverse witnesses. [Citation.] Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction." (*People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).) These are commonly referred to as the defendant's *Boykin-Tahl* rights and the *Boykin-Tahl* advisal. (See *id.* at p. 360; *In re Tahl* (1969) 1 Cal.3d 122, 132; *Boykin v. Alabama* (1969) 395 U.S. 238, 243–244.)

The failure to provide this advisal before a defendant's admission to a prior conviction does not warrant an automatic reversal. Rather, we must determine whether the admission of the prior conviction was " 'voluntary and intelligent under the totality of the circumstances.' " (*Mosby*, *supra*, 33 Cal.4th at p. 360, italics omitted.) The specific question before us is "whether the defendant's admission was intelligent and voluntary because it was given with an understanding of the rights waived," and to answer this question we must go "beyond the courtroom colloquy" and examine the entire record. (*Id.* at p. 361.) In evaluating the totality of the circumstances, a defendant's previous experience with the criminal justice system is considered because it is relevant to whether the defendant knew he had the rights to remain silent and to confront adverse witnesses. (*Id.* at p. 365.)

We conclude that Phillips voluntarily and knowingly waived his rights to remain silent and to confront adverse witnesses. Phillips had just undergone a jury trial where he was informed of his right to remain silent. He waived this right, testified, and admitted his prior robbery conviction. In addition, his attorney cross-examined an adverse witness at trial. Then, as soon as the jury began deliberating, the trial court informed

6

Phillips that he was entitled to a second trial on the prior conviction, explaining that he had the right to a "formal jury trial on your prior conviction . . . you have the right to have this jury determine the validity and correctness of your prior conviction."

Mosby is instructive here.  In *Mosby*, immediately after the jury found defendant guilty, the defendant was told he had a right to a jury trial on the prior conviction allegation.  (*Mosby*, *supra*, 33 Cal.4th at p. 364.)  The defendant then admitted his prior conviction.  (*Ibid*.)  On appeal, the defendant argued that the trial court committed reversible error by not informing him of his rights to remain silent and confront witnesses before he admitted to the prior conviction.  (*Ibid*.)  The Court of Appeal disagreed, "stating: 'It would exalt a formula (*Boykin–Tahl*) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary) to suggest that a defendant, who has just finished a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial' when after being advised of the right to a trial on an alleged prior conviction the defendant waives trial and admits the prior." (*Ibid*.)  The California Supreme Court explicitly agreed with this statement.  (*Ibid*.)

Here, just as in *Mosby*, the same day the jury returned a verdict, the trial court told Phillips he had a right to a jury trial, which he then waived.  Then, moments later, Phillips said he would stipulate to the 2017 conviction, just as in *Mosby*.  Like *Mosby*, Phillips would also have been aware of the rights he was waiving because he had just completed a contested jury trial where he was informed of his right to remain silent, and his attorney had cross-examined an adverse witness on his behalf.

7

Phillips argues that his case is materially different from *Mosby*. Phillips argues that unlike in *Mosby*, he testified at trial. He asserts that because he was told that by testifying at trial, he would give up his right against self-incrimination, he reasonably would have concluded that he had already waived his right to remain silent in the trial on the prior conviction.

We reject this contention. First, Phillips does not cite any legal authority in support of this claim. Phillips instead analogizes to cases concerning *Miranda v. Arizona* (1966) 384 U.S. 436 (i.e., cases discussing "*Miranda* rights") to assert that the advisal of his rights during the contested jury trial was stale and a second advisal was necessary to inform him that he again had the right to remain silent. We decline to analogize to the very different circumstances that the *Miranda* doctrine is concerned with because we find *Mosby* directly on point, as described above. *Mosby* also rejected a similar argument that too much time had passed between the initial advisal in the jury trial and the admission of the prior conviction where, like here, the defendant had "*just* undergone a jury trial." (*Mosby*, *supra*, 33 Cal.4th at p. 365.)

Second, we are not persuaded that because Phillips waived his right against self-incrimination in his jury trial, he would have reasonably assumed he had already waived this right in his separate trial on the prior conviction. The trial court informed Phillips that he was entitled to a separate jury trial. It was just as reasonable for Phillips to understand that the second jury trial would give him the same rights as the first. *Mosby* specifically instructs that a prior advisal of a right is relevant to whether the defendant knows he has the rights again at a later date. (*Mosby*, *supra*, 33 Cal.4th at p. 365.)

8

Finally, Phillips argues that the record fails to establish that his prior criminal conviction came by way of a guilty plea, unlike the defendant in *Mosby*. In *Mosby*, the court pointed to evidence that the defendant had pleaded guilty to his prior conviction, and thus would have been given a *Boykin-Tahl* advisal at that time. (*Mosby*, *supra*, 33 Cal.4th at p. 365.) It then reasoned that the defendant would have known of these rights years later when he admitted to the prior conviction for purposes of a strike enhancement. (*Id.* at pp. 364–365.) But this fact alone was not dispositive. The Court in *Mosby* considered this fact as one part of the "entire record" that "[shed] light on [Mosby's] understanding" of his rights, and went on to state all of the relevant facts: "As the Court of Appeal here concluded: '[H]e knew he did not have to admit [the prior conviction] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction that he was now admitting.' " (*Ibid.*) Although we do not know whether Phillips was similarly advised of his *Boykin-Tahl* rights prior to his 2017 conviction, the absence of this evidence does not change our conclusion, which is based on the entire record.

In sum, we conclude that Phillips's waiver of his rights, when he stipulated to his prior conviction, was knowing and voluntary because he had just finished a jury trial where he was advised of his right to remain silent, and his attorney had cross-examined an adverse witness on his behalf.

9

## II. Phillips Waived His Claim That the Trial Court Failed to Advise Him of the Consequences of His Admission.

In addition to the *Boykin–Tahl* advisal discussed above, a court must inform a defendant of "those penalties and other sanctions imposed as a consequence of a finding of the truth of the allegation" before the defendant admits a prior conviction. (*In re Yurko* (1974) 10 Cal.3d 857, 860.) This is " 'a judicially declared rule of criminal procedure' that an accused, before admitting a prior conviction allegation, must be advised of the precise increase in the prison term that might be imposed, the effect on parole eligibility, and the possibility of being adjudged a habitual criminal. ([*In re Yurko*] at p. 864.)" (*People v. Cross* (2015) 61 Cal.4th 164, 170–171.) Because " 'advisement as to the consequences of a plea is not constitutionally mandated,' " " 'the error is waived absent a timely objection.' " (*People v. Villalobos* (2012) 54 Cal.4th 177, 182 (*Villalobos*).) Failure to object "at or before sentencing" waives this "advisement error [and] does not entitle defendant to a remedy." (*Ibid.*, citing *People v. Walker* (1991) 54 Cal.3d 1013, 1022 (*Walker*) [overruled on other grounds in *Villalobos*, at p. 183].)

In *Walker*, the trial court failed to inform the defendant of a fine that would be imposed if he pleaded guilty. The record established that the defendant was represented by counsel at the time of the plea, and that counsel was familiar with the probation report that recommended the imposed fine. The California Supreme Court reasoned that it therefore would have been a "simple matter" for counsel to have brought a timely objection to the trial court's failure to advise of the fine. (*Walker*, *supra*,

54 Cal.3d at p. 1023.)  Because counsel failed to do so, the claim was waived.  *(Ibid.)*

Here, Phillips was also represented by counsel, and the fact that the prior conviction would double his sentence on counts 2 and 3 was written in the information, of which counsel was presumably aware.  There was also a discussion in the record, prior to Phillips's admission, of a possible plea to the "low term doubled," and the court stated it was doubling the sentences under the three strikes law at the sentencing hearing.  Yet, counsel failed to object or otherwise timely raise this claim at or before the sentencing hearing.  Phillips's claim is therefore waived.

Additionally, for Phillips to successfully challenge the trial court's failure to advise him of the specific consequences of his stipulation, he must establish prejudice.  (*Walker*, *supra*, 54 Cal.3d at pp. 1022–1023; *In re Yurko*, *supra*, 10 Cal.3d at p. 864.)  Phillips must demonstrate that it was reasonably probable that if properly advised, he would not have stipulated to the prior robbery conviction and would have instead proceeded to trial. (See *Walker*, at p. 1023.)  Phillips makes no argument regarding prejudice, and he admitted to the prior conviction twice at the jury trial.  We are not convinced he would have declined to do so a third time if properly advised.

Phillips's claim that he was not advised of the consequences of his stipulation to his 2017 conviction is waived by his failure to raise it below, and, even if it were not, he has not established prejudice.

## DISPOSITION
The judgment is affirmed.


VIRAMONTES, J.


We concur:


STRATTON, P. J.


GRIMES, J.